UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOYCE D. BIRR,                          )
                                        ) No. CV-10-369-JPH
            Plaintiff,                  )
                                        ) ORDER GRANTING PLAINTIFF'S
v.                                      ) MOTION FOR SUMMARY JUDGMENT
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
                                        )
            Defendant.                  )
                                        )
                                        )

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 23, 2012 (ECF Nos. 13, 15). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge (ECF No. 7). On October 5, 2011, plaintiff filed a reply (ECF No. 17). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 13).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) and disability insurance benefits (DIB) on December 1, 2007, alleging onset as of January 11, 2006, due to depression, seizure disorder, tendinitis, and bipolar disorder (ECF No. 10 at 130-134, 158). Her applications were denied initially and on reconsideration (ECF No. 10 at 77-80, 82-86)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 1 -

Administrative Law Judge (ALJ) Robert S. Chester held a hearing on November 18, 2009. Plaintiff, represented by counsel, and psychological and vocational experts, testified (ECF No. 10 at 32-72). On December 7, 2009, the ALJ found plaintiff is not disabled (ECF No. 10 at 24). The Appeals Council denied review on September 15, 2010 (ECF No. 10 at 1-3), making the ALJ's decision the final decision of the Commissioner. Final decisions are appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 22, 2010 (ECF No. 10 at 1, 4).

<b>STATEMENT OF FACTS</b>

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. The Court summarizes them briefly.

Plaintiff was 49 years old at the hearing and has a GED. She has worked as a molding injector, nurse's assistant, customer services representative, and small products assembler (ECF No. 10 at 44-45, 61-63). At times she has lived alone, and at other times with her mother (ECF No. 10 at 47, 55-56, 251, 397). On an average day she can sit for an hour, stand for a few hours, and lift up to 25 pounds. She has sleep problems. When ankles swell she is only able to walk 3-4 blocks. Plaintiff experiences hip and back pain (ECF No. 10 at 49, 52-54).

She had mental health treatment in 2009 (Ex. 10 at 533-557). Also in 2009, plaintiff had a grand mal seizure after running out of anti-convulsant medication and being "stressed" (ECF No. 10 at 48-49, 527). She takes care of her dog, cooks easy meals, does the dishes, vacuums, mops, sweeps, does laundry, drives, goes to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

church, plays computer games, and shops (ECF No. 10 at 50, 52, 55, 58, 142-145).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a

"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more
than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119
n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v.
Sullivan*, 888 F.2d 599, 601-602(9th Cir.1989); *Desrosiers v.
Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th
Cir.1988). Substantial evidence "means such evidence as a
reasonable mind might accept as adequate to support a conclusion."
*Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations
omitted). "[S]uch inferences and conclusions as the [Commissioner]
may reasonably draw from the evidence" will also be upheld. *Mark
v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the
Court considers the record as a whole, not just the evidence
supporting the decision of the Commissioner. *Weetman v. Sullivan*,
877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648
F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff's DIB coverage lasted through June 30, 2011. At step one, he found she did not engage in substantial gainful activity after onset on January 11, 2006 (ECF No. 10 at 11, 13). At steps two and three, he found plaintiff suffers from major depressive disorder, generalized anxiety disorder, hyperlipidemia, and left shoulder impingement syndrome, impairments that are severe but do not alone or combination meet or medically equal a Listed impairment (ECF No. 10 at 13, 15). The ALJ found plaintiff less than completely credible. He assessed an RFC for a range of medium work (ECF No. 10 at 17, 19). At step four, he found plaintiff is able to perform past relevant work as an injection molding machine operator, nurse's assistant, and small products assembler (ECF No. 10 at 23). The ALJ found

plaintiff is not disabled as defined by the Social Security Act
(ECF No. 10 at 24).

**ISSUES**

Plaintiff contends the Commissioner failed to properly weigh
credibility and the medical evidence (ECF No. 14 at 10-11).
Specifically, she alleges the ALJ failed to give specific and
legitimate reasons for rejecting the contradicted opinions of
examining psychologists Dalley and Brown. She alleges the ALJ's
credibility determination is not supported by clear and convincing
reasons. The Commissioner asks the Court to affirm, asserting the
ALJ's decision is supported by the evidence and free of harmful
legal error (ECF No. 16 at 6).

**DISCUSSION**

**A. Standards for weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.
1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir.1995).

**B. Medical evidence and credibility**

Plaintiff alleges the ALJ rejected the contradicted opinions of Mahlon Dalley, Ph.D., and Debra Brown, Ph.D., for reasons that are not specific and legitimate (ECF Nos. 14 at 11-17 and 17 at 1-3).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

The Commissioner responds that the ALJ's reasons are specific and legitimate. First, the ALJ gave little weight to Dalley's opinions because they were given in order to determine plaintiff's eligibility for state benefits, a system with different definitions and categories than those in the Act (ECF No. 16 at 13, citing ECF No. 10 at 23).

The Commissioner adds (1) vocational assessments are reserved for the ALJ; (2) Dr. Dalley did not complete or adopt the assessed marked and moderate functional limitations noted by his coworkers, but simply authorized their release; and (3) there is conflicting significant probative evidence (including medical opinions, plaintiff's activities, and her inconsistent statements), which the ALJ properly set forth in detail and explained.

As conflicting significant probative medical evidence, the Commissioner cites an opinion by treatment provider Dr. Metcalf in July 2006 (six months after onset) that plaintiff's seizures and depression "are doing well." (ECF No. 16 at 11-12, citing ECF No. 10 at 264).

Next, the Commissioner cites Dr. Metcalf's August 2007 opinion that plaintiff's mental status "again looked great," although the Commissioner acknowledges plaintiff reported at this appointment "she got into serious emotional problems the preceding winter" (ECF No. 16 at 12, citing ECF No. 10 at 261-262).

In between Dr. Metcalf's two opinions described above, on April 12, 2007, Abigail Osborne-Elmer, M.S., examined plaintiff (ECF No. 10 at 245-255). Dr. Dalley signed the report (ECF No. 10 at 255). Contrary to the Commissioner's argument, Dr. Dalley indicated he adopted as his "own the accuracy, objectivity,

validity, findings and conclusions of the above report and accept responsibility for the contents" (Id.).

The remaining "conflicting significant probative" medical opinion evidence cited by the Commissioner consists of the opinion of an agency reviewing psychologist and that of the testifying psychologist, Dr. Klein (ECF No. 16 at 12-14), both entitled to less weight than an examining source. Dr. Klein opined rather vaguely that plaintiff's mental health symptoms of depression and anxiety do not much interfere with job activity (ECF No. 10 at 39).

The Commissioner asserts the ALJ properly relied on plaintiff's activities and inconsistent statements as additional support for rejecting Dr. Dalley's three assessments (ECF No. 16 at 11-14).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 10 -

1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ notes plaintiff's activities have not been limited to the extent one would expect given her complaints of disabling symptoms and limitations (ECF No. 10 at 14-16). After plaintiff stopped working in 2006, she cared for her grandmother and daughter who were ill. Six months after onset, she needed a note from her doctor because she was setting up a daycare. For six months, plaintiff's granddaughter lived with her and her mother. Plaintiff told her counselor she managed as a single parent, took the child to school, and supervised her homework. Plaintiff has reported she has been able to drive, shop for groceries, do laundry, cook, wash dishes, mop, vacuum, clean, care for and groom a dog, play computer games, and go to church – including telling her primary doctor she was "very active with her church." (ECF No. 10 at 19, 45, 47, 50, 59, 158-159, 167-168, 178-182, 204, 206-208, 210, 251, 264, 297, 343, 360, 380, 397, 541, 560). Nine days before the hearing she told Dr. Metcalf she was thinking of going back to work (Ex. 10 at 564).

When evaluating medical opinions and a claimant's credibility as to limitations, daily activities and inconsistent statements are two valid factors the ALJ considers. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir.2002)(proper factors include

inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ's reasons are clear, convincing, and supported by the record. Although the evidence of plaintiff's activities may also admit of an interpretation more favorable to plaintiff, the ALJ's interpretation was rational and must be upheld where the evidence is susceptible to more than one rational interpretation. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ made an incorrect reference to the record:

"Based on these imaging studies, the claimant's primary care provider recommended that the claimant stay active and that she was very active with her church. (Ex. 14F)."

(Ex. 10 at 14).

Exhibit 14F is the May 2009 psychological evaluation by Debra Brown, Ph.D. *See* Ex. 10 at pages 389-398, marked as Exhibit 14F.

It appears the ALJ meant to refer to the records of plaintiff's primary care provider, Dr. Metcalf. In September 2007, Dr. Metcalf states: "Plan to increase activity and look for a job to help depression." (Ex. 10 at 260). In June 2008, he notes "Increase activity." (Ex. 10 at 363). A month later, in July, "Get back to work." (Ex. 10 at 358). Finally, the day before the hearing, on November 17, 2009, Dr. Metcalf notes "[i]s very active with the LDS church." (ECF no. 10 at 560). The incorrect record reference is clearly a harmless scrivener's error.

However, other error is harmful. The ALJ gives little weight to "these reports" (Ex. 10 at 22-23, citing original exhibits 1F, 5F, 9F, and 14F). They are the 4/18/07, 9/25/07, and 4/23/08 Dalley assessments, and Dr. Brown's 5/14/09 assessment (ECF No. 10

at 245-255, 295-305, 337-346, 389-398). First, the ALJ states these reports

"were done with little explanation as to how the medical professionals arrived at their conclusions. Opinions rendered on form reports which do not contain significant explanation of the basis for conclusions may appropriately be accorded little or no weight."

(Ex. 10 at 23).

The ALJ is not accurate. All examiners performed multiple tests and the results are detailed in all four reports. In addition, Dr. Malley's reports state:

"Basis is determined on objective data if ratings are moderate, marked or severe

(a) Depressed mood: Rating: Marked: Based on MMPI-2 profile and behavioral observations"

(Ex. 10 at 254).

The basis for the conclusions is plainly stated. The ALJ's reason is not supported by the record.

The only other explicit reason the ALJ offers for rejecting the examiners' opinions is that they were given to determine whether plaintiff is entitled to state benefits. This is not, by itself, a specific legitimate reason to reject the examiners' opinions. Although the ALJ states this is the reason he does not give the opinions controlling weight, it is clear he does not give them any weight at all.

Finally, the ALJ "finds that the record does not contain any opinions from treating or examining sources indicating that the claimant is disabled or even has limitations greater than those

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

determined in this decision" (ECF No. 10 at 23).

Again, the ALJ is incorrect. In April 2007, Dr. Dalley gave plaintiff a current GAF of 35, indicating some impairment in reality testing or communication, or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (ECF No. 10 at 254). About a year later, he assessed a current GAf of 45, indicating serious symptoms or any serious impairment in social, occupational, or school functioning (ECF No. 10 at 299). In May 2009, Dr. Brown assessed a GAF of 51, indicating moderate symptoms or difficulty functioning, and opined mental health treatment was unlikely to restore plaintiff's ability to work (ECF No. 10 at 392, 398). DSHS found plaintiff's mental status prevents her from working (ECF No. 10 at 33). In August 2009, plaintiff's counselor assessed a GAF of 51 (Ex. 10 at 538).

Because it is unclear whether plaintiff would be found disabled if the opinions were properly considered, the error requires remand for further proceedings.

The ultimate issue of disability and degree of residual functional capacity must be made by the ALJ. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998).

Plaintiff bears the burden of showing that a legal error was prejudicial. *See Shinseki v. Sanders*, 556 U.S. 396, 409-410 (2009). She has done so.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is not free of legal error and supported by substantial evidence..

1    **IT IS ORDERED:**

2    1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is

3    **granted.** The decision is **reversed.**

4    2. The Appeals Council will order the case **remanded** pursuant

5    to sentence four for further administrative proceedings consistent

6    with this opinion.

7    3. Judgment shall be **entered for plaintiff.**

8    4. An application for attorney's fees may be made by separate

9    motion.

10   The District Court Executive is directed to file this Order,

11   provide copies to counsel for plaintiff and defendant, enter

12   judgment in favor of plaintiff, and **CLOSE** this file.

13   DATED this 2nd day of April, 2012.

14

15                          s/ James P. Hutton

16                      JAMES P. HUTTON
                     UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -